UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:23-cv-21093-BB

MANDY KOESTER, on behalf of herself all others similarly situated,

                Plaintiffs,

v.

INDEPENDENT LIVING SYSTEMS, LLC,

                Defendant.

**UNOPPOSED MOTION OF DEFENDANT INDEPENDENT LIVING SYSTEMS, LLC TO STAY CASE PENDING RESOLUTION OF MOTION TO CONSOLIDATE IN FIRST-FILED ACTION, OR, ALTERNATIVELY, FOR A 60-DAY EXTENSION OF TIME TO RESPOND TO THE COMPLAINT**

This is one of sixteen related data breach class actions that have been filed against Defendant Independent Living Systems, LLC ("ILS") in this District.[1] Each action asserts similar claims arising out of a data breach by an unauthorized third party on certain of ILS' systems. Each action seeks a proposed nationwide class covering individuals whose Personally Identifiable Information ("PII") or Personal Health Information ("PHI") was allegedly accessed by an

---

[1] The fifteen other related actions are: *Geleng v. Independent Living Systems, LLC*, No. 23-cv-21060-KMW; *Basulto v. Independent Living Systems, LLC*, No. 23-cv-21061-RNS; *Cliver v. Independent Living Systems, LLC*, No. 23-cv-21134-RKA; *Holcombe v. Independent Living Systems*, No. 23-cv-21131-DPG; *Jensen v. Independent Living Systems, LLC*, No. 23-cv-21098-JEM; *Ramirez v. Independent Living Systems, LLC*, 23-cv-21148-JEM; *Perez v. Independent Living Systems, LLC*, No. 23-cv-21154-CMA; *Riggins v. Independent Living Systems, LLC*, No. 23-cv-21071-JEM; *Fisher v. Independent Living Systems, LLC*, No. 23-cv-21193-BB; *McMullen v. Independent Living Systems, LLC*, No. 23-cv-21225-JEM; *Crockett v. Independent Living Systems, LLC*, No. 23-cv-21226-RNS; *Gutierrez v. Independent Living Systems, LLC*, No. 23-cv-21221-CMA; *Berg v. Independent Living Systems, LLC*, No. 23-cv-21286-RNS; *Berres v. Independent Living Systems, LLC*, No. 23-CV-21200-DPG; *Salzano v. Independent Living Systems, LLC*, No. 23-21323-KMW.

unauthorized party as a result of the data breach. (*See, e.g.*, ECF No. 1, ¶ 160.) Indeed, Plaintiff has acknowledged that this case is related to the other data breach class actions against ILS. (ECF No. 5 ("Notice Of Related Action").)

Currently, a motion to consolidate all related actions ("Motion to Consolidate") against ILS is pending before Judge Williams in the first-filed case—captioned *Geleng v. Independent Living Systems, LLC*, No. 23-cv-21060 ("*Geleng* Action"). *See Geleng* Action, ECF No. 8 (filed Apr. 5, 2023). To conserve the resources of the parties and the Court, to avoid prejudice and inconsistent rulings, and to avoid duplicative litigation, ILS moves for a stay of this case pending resolution of that Motion to Consolidate in the first-filed *Geleng* Action. Plaintiff does not oppose this relief. Alternatively, ILS seeks a 60-day extension of time to respond to Plaintiffs' Complaint.

I.     **BACKGROUND**

On March 21, 2023, Plaintiff commenced this action against ILS. (ECF No. 1.) Plaintiff served ILS with the Complaint on March 23, 2023. Plaintiff alleges that ILS experienced the unauthorized access of certain information on its systems by an unauthorized actor in early July 2022. (*Id.* at ¶ 6.) Plaintiff further alleges that ILS failed to "to properly secure and safeguard the sensitive and confidential information that it collected and maintained as part of its regular business practices, including, but not limited to, . . . [PII], and . . . [PHI]." (*Id.* at ¶ 2.) Currently, pursuant to Fed. R. Civ. P. 4(d)(3), ILS must answer, move against, or otherwise respond to Plaintiff's Complaint by April 13, 2023.

Plaintiff filed a Notice of Related Actions on March 22, 2023. (ECF No. 8.) At this time, sixteen related actions have been filed against ILS in this District. Each action is brought against ILS as the sole defendant. Each action asserts similar claims based upon allegations of a data breach by an unauthorized third party on ILS' network. And all related actions seek duplicative or overlapping nationwide classes. The proposed nationwide class in this action, for instance, is

identical to the proposed nationwide class sought in the first-filed *Geleng* Action and nearly identical to that proposed in other related actions. *Compare* ECF No. 1, at ¶ 160 ("All individuals residing in the United States whose Private Information was accessed and/or acquired by an unauthorized party as a result of the data breach reported by Defendant on or about March 14, 2023 ('Class').") *with Geleng* Action, ECF No. 1, at ¶ 159 ("All individuals residing in the United States whose Private Information was accessed and/or acquired by an unauthorized party as a result of the data breach reported by Defendant on or about March 14, 2023 (the 'Class').").

On April 5, 2023, Plaintiff in the first-filed *Geleng* Action moved to consolidate the related data breach class actions before Judge Williams, recognizing, among other things, the similarity of the allegations, proposed classes, and claims against ILS. *See Geleng* Action, No. 23-cv-21060-KMW, ECF No. 8, at 7 ("These claims are asserted on a class wide basis, on behalf of similarly defined nationwide classes, against the same Defendant."). That Motion to Consolidate is pending, and, if granted, will result in the transfer of this case to Judge Williams. ILS recently retained Morgan Lewis to represent the company in the related actions. Accordingly, as set forth below, ILS seeks a stay of this case pending resolution of the Motion to Consolidate, or, alternatively, a 60-day extension of time to respond to the Complaint, file its certificate of interested parties, and prepare a joint scheduling report.

## II.     LEGAL ARGUMENT

### A.     The Court Should Stay This Action Pending A Ruling On The Motion To Consolidate In The First-Filed Action.

It is well-settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Indeed, a court "has the inherent authority to stay an action before it while the resolution of a related action

in another court is pending." *Ephraim v. Abbott Lab'ys, Inc.*, 601 F. Supp. 3d 1274, 1275 (S.D. Fla. 2022). In evaluating whether to grant a stay under these circumstances, courts "consider three factors: (1) potential prejudice to the non-moving party; (2) potential prejudice to the moving party if the stay is not granted; and (3) conservation of judicial resources." *Suarez v. Abbott Lab'ys Inc.*, No. 22-CV-20506, 2022 WL 1314367, at *2 (S.D. Fla. May 2, 2022) (Bloom, J.); *Ephraim*, 601 F. Supp. 3d at 1275; *see also Ali v. 7-Eleven, Inc.*, No. 22-20328-CIV, 2022 WL 713665, at *2 (S.D. Fla. Mar. 10, 2022).

In applying these factors, "courts 'frequently grant stays' pending [] determination [of] whether to consolidate and transfer" related actions. *Ephraim*, 601 F. Supp. 3d at 1275–76 (granting motion to stay action pending resolution by JPML of motion to transfer and consolidate action with other related cases, because "action is in its infancy," stay avoids prejudice by "eliminat[ing] the possibility of inconsistent rulings and duplicative litigation," and it "conserves judicial resources); *Suarez*, 2022 WL 1314367, at *2 (applying factors and granting stay pending resolution of motion to transfer and consolidate action before the JPML); *Ali*, 2022 WL 713665, at *2 (same); *Hess by McKenzie v. McNeil-PPC, Inc.*, No. 09-80840-CIV, 2009 WL 10667557, at *1 (S.D. Fla. Aug. 25, 2009) (same). While this principle is frequently applied to cases where a petition to consolidate is pending before the JPML, it applies equally—if not more forcefully— where a motion to consolidate more than a dozen related putative class actions is pending before another judge in this District pursuant to Rule 42(a) and this District's Internal Operating Procedures.

Here, the Court should stay this matter pending resolution of the Motion to Consolidate in the first-filed *Geleng* Action. If the motion to consolidate is granted, this action will be transferred to Judge Williams, who then will preside over each of the related data breach putative class actions

against ILS.  Each of the relevant factors supports a stay.  A short stay will conserve judicial resources; it would be a waste of those resources for the Court to proceed with a case that is likely to be transferred to another judge in this District consistent with Rule 42(a) and Internal Operating Procedure Rules 2.06.00 and 2.15.00.  *Suarez*, 2022 WL 1314367, at *2.  Likewise, a short stay will conserve the parties' resources.  ILS should not have to incur the expense of litigating multiple overlapping putative class actions before multiple different judges; indeed, doing so may lead to inconsistent scheduling orders and rulings.  *Id.*  Importantly, if the Motion to Consolidate is granted and Judge Williams orders the filing of a consolidated complaint, then the most efficient course is for ILS to answer, move against, or otherwise respond to that consolidated complaint as opposed to responding to multiple complaints now that may no longer be operative later.  Moreover, no party will be prejudiced by a stay, given that this case is in its infancy and Plaintiff does not oppose a stay pending the outcome of the Motion to Consolidate pending before Judge Williams.  *Id.; see also Ephraim*, 601 F. Supp. 3d at 1275-76; *Ali*, 2022 WL 713665, at *2.*

    **B.**  **Alternatively, The Court Should Grant ILS A 60-Day Extension To Respond To The Complaint.**

If the Court is not inclined to stay this action (and it should), ILS requests 60 days to respond to the pending Complaint, to file its certificate of interested parties, and to prepare and file a joint scheduling report.  Pursuant to Rule 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time" to act.  Fed. R. Civ. P. 6(b)(1).

Good cause exists for this alternative relief here.  Counsel for ILS was recently retained for this matter within the last week.  As a result, additional time is needed to assess and respond to Plaintiff's three claims and 239 paragraphs of allegations in this putative nationwide class action.  In addition, the pending Motion to Consolidate is likely to be decided within 60 days, and, if granted, it will result in this action being transferred to Judge Williams; it also likely will result in

the filing of a consolidated amended complaint there. Thus, granting a 60-day extension will allow that process to play out, before ILS must file a motion to dismiss (or otherwise respond to the current complaint) in this case and the parties have to prepare and submit a proposed scheduling order. Lastly, any extension will not prejudice Plaintiff, because this case is in its infancy and Plaintiff does not oppose a stay in this matter pending a ruling on the Motion to Consolidate.

### III.    CONCLUSION

For the reasons set forth above, ILS respectfully requests that the Court grant its unopposed motion and stay this matter pending resolution of the Motion to Consolidate in the first-filed *Geleng* Action. Alternatively, ILS requests a 60-day extension of time to respond to the Complaint, file its certificate of interested parties, and prepare and file a joint scheduling report.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Counsel for ILS have conferred with Plaintiff's counsel about the requested extensions of time and stay in accordance with Local Rule 7.1(a)(3), and Plaintiff's counsel does not oppose the request to stay this matter pending resolution of the Motion to Consolidate in the first-filed *Geleng* Action, so long as if ILS responds to a complaint in one of the related actions subject to the Motion to Consolidate, it will respond to Plaintiff's Complaint within 10 days.

Dated: April 13, 2023

Respectfully submitted,

*s/ Brian M. Ercole*
Brian M. Ercole, FL Bar No. 102189
brian.ercole@morganlewis.com
Melissa M. Coates, FL Bar No. 111420
melissa.coates@morganlewis.com
Morgan, Lewis & Bockius LLP
600 Brickell Avenue, Suite 1600
Miami, FL  33131-3075
Telephone:  (305) 415-3000
Facsimile:   (305) 415-3001

*Counsel for Defendant*
*Independent Living Systems, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*s/ Brian M. Ercole*
Brian M. Ercole